**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VICKEY BARDO,**

**Plaintiff,**

**v.** **Case No:**

**CITIBANK, N.A.,**

**Defendant.** **DEMAND FOR JURY TRIAL**

______________________________/

**PLAINTIFF'S COMPLAINT**
**WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **VICKEY BARDO** ("Ms. Bardo" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **CITIBANK, N.A.** ("Defendant"), and in support thereof states as follows:

***Introduction***

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in using an automatic telephone dialing system or artificial or prerecorded voice to place calls to Ms. Bardo's cellular telephone in connection with the collection of such debt after Ms. Bardo expressly revoked consent orally and in writing for Defendant to place calls to her cellular

telephone and in sending letters to Ms. Bardo after Ms. Bardo informed Defendant she could not pay the debt because her financial situation had not changed.

***Jurisdiction and Venue***

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.
3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77 (1).
4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

***Parties***

5. Plaintiff, Ms. Bardo, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).
6. Ms. Bardo is the regular user and subscriber of the cellular telephone number 727-***-0101 ("Ms. Bardo's Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii).
7. At all times material hereto, Defendant was and is an active bank with its headquarters located at 701 East 60th Street North, Sioux Falls, SD 57104.

***Statements of Fact***

8. Ms. Bardo opened three lines of credit with Defendant for her own personal purposes ("Accounts").

9. Sometime thereafter, Ms. Bardo encountered financial difficulties and fell behind on her monthly payments to Defendant, incurring an outstanding balance owed on the Accounts (collectively "Debt").

10. In or around June 2017, Defendant began placing calls to Ms. Bardo's Cellular Telephone in attempts to collect the Debt.

11. Ms. Bardo answered one of Defendant's first few calls and spoke with a representative, informing the representative that she was going through a tough financial situation and could not afford payments to Defendant.

12. Defendant's calls to Ms. Bardo's Cellular Telephone continued in attempts to collect the Debt.

13. On or around August 4, 2017, Ms. Bardo answered another one of Defendant's calls and, this time, demanded that Defendant stop placing all calls to her Cellular Telephone.

14. Despite Ms. Bardo's demand that Defendant stop placing all calls to her Cellular Telephone, Defendant continued to place calls to Ms. Bardo's Cellular Telephone in attempts to collect the Debt.

15. Defendant even sent Ms. Bardo a letter dated August 9, 2017, stating:

> "Dear VICKEY BARDO:
>
> This letter is confirmation of your recent request for us to stop ***all collection calls*** with you regarding your CITI CARDS account. We have already processed your request but want to let you know how it will affect your Account. Your request does not apply to other accounts you may have with Citi. . ."

***See* Exhibit "A."**

16. Defendant's letter dated August 9, 2017 failed to identify which account it had decided to allegedly process her request that it cease its collection calls regarding such account.

17. Despite Defendant's acknowledgement that it received and processed Ms. Bardo's request for all calls to her Cellular Telephone to stop, Defendant continued to place calls to Ms. Bardo's Cellular Telephone in attempts to collect the Debt.

18. Defendant often placed four calls per day to Ms. Bardo's Cellular Telephone.

19. On or around August 31, 2017, Ms. Bardo sent a letter to Defendant in response to its letter dated August 9, 2017 confirming that her demand for Defendant's calls to her Cellular Telephone to stop was intended to apply to all accounts. ***See* Exhibit "B."**

20. Ms. Bardo's employment was thereafter terminated and she encountered an even more stressful financial situation.

21. Defendant continued to place calls to Ms. Bardo's Cellular Telephone and send Ms. Bardo letters in attempts to collect the Debt.

22. On or around September 28, 2017, Ms. Bardo sent another letter to Defendant that informed Defendant she has lost her job, that her financial situation had not changed, and that she does not have sufficient income to pay her mortgage and credit cards. ***See* Exhibit "C."**

23. Defendant continued to place calls to Ms. Bardo's Cellular Telephone and send Ms. Bardo letters in attempts to collect the Debt.

24. In or around early December 2017, Ms. Bardo sent another letter to Defendant informing Defendant that her financial situation had not changed and requesting Defendant's response to be in writing.

25. Despite Ms. Bardo's repeated demands, Defendant has continued to place calls to Ms. Bardo's Cellular Telephone in attempts to collect the Debt to date.

26. Defendant called Ms. Bardo's Cellular Telephone at least one hundred (100) times during the time period from August 4, 2017 to the present date.

27. Defendant called Ms. Bardo's Cellular Telephone from several different telephone numbers, including, but not limited to: 859-795-2727, 816-420-4632, and 904-903-4050.

28. All of Defendant's calls to Ms. Bardo's Cellular Telephone were placed in an attempt to collect the Debt.

29. Many of Defendant's calls to Ms. Bardo's Cellular Telephone were placed using an artificial voice or prerecorded message.

30. Defendant left several voicemails on Ms. Bardo's Cellular Telephone.

31. Defendant's calls to Ms. Bardo's Cellular Telephone have harassed Ms. Bardo due to the timing, frequency, and nature of the calls.

***Count 1: Violation of the Telephone Consumer Protection Act***

32. Ms. Bardo re-alleges paragraphs 1-31 and incorporates the same herein by reference.

33. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express

> consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

34. Ms. Bardo revoked consent for Defendant to call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message on or around August 4, 2017 when she answered Defendant's call and demanded that all calls to her Cellular Telephone stop.

35. Ms. Bardo also revoked consent in writing for Defendant to call her Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message on or around August 31, 2017, when she sent a letter to Defendant stating the same. ***See* Exhibit "B."**

36. Despite this revocation of consent, Defendant thereafter called Ms. Bardo's Cellular Telephone at least one hundred (100) times.

37. Defendant did not place any emergency calls to Ms. Bardo's Cellular Telephone.

38. Defendant willfully and knowingly placed non-emergency calls to Ms. Bardo's Cellular Telephone.

39. Ms. Bardo knew that Defendant called Ms. Bardo's Cellular Telephone using an ATDS because she heard a pause when she answered Defendant's calls on her Cellular Telephone before a live representative of Defendant came on the line.

40. Ms. Bardo knew that Defendant called Ms. Bardo's Cellular Telephone using a prerecorded voice because Defendant left Ms. Bardo multiple voicemails using a prerecorded voice.

41. Defendant used an ATDS when it placed at least ten calls to Ms. Bardo's Cellular Telephone.

42. Under information and belief, Defendant used an ATDS when it placed at least thirty calls to Ms. Bardo's Cellular Telephone.

43. Under information and belief, Defendant used an ATDS when it placed at least fifty calls to Ms. Bardo's Cellular Telephone.

44. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Bardo's Cellular Telephone.

45. At least one call that Defendant placed to Ms. Bardo's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

46. At least one call that Defendant placed to Ms. Bardo's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

47. At least one call that Defendant placed to Ms. Bardo's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

48. At least one call that Defendant placed to Ms. Bardo's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

49. At least thirty calls that Defendant placed to Ms. Bardo's Cellular Telephone was made using a prerecorded voice.

50. Defendant has recorded at least one conversation with Ms. Bardo.

51. Defendant has recorded more than one conversation with Ms. Bardo.

52. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Bardo, for its financial gain.

53. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Bardo's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

54. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Bardo, despite individuals like Ms. Bardo revoking any consent that Defendant believes it may have to place such calls.

55. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Bardo's Cellular Telephone.

56. Defendant's phone calls harmed Ms. Bardo by trespassing upon and interfering with Ms. Bardo's rights and interests in her Cellular Telephone line.

57. Defendant's phone calls harmed Ms. Bardo by wasting her time.

58. Defendant's phone calls harmed Ms. Bardo by being a nuisance and causing her aggravation.

59. Defendant's phone calls harmed Ms. Bardo by causing a risk of personal injury to Ms. Bardo due to interruption and distraction.

60. Defendant's phone calls harmed Ms. Bardo by causing her emotional distress.

61. Defendant's phone calls harmed Ms. Bardo by causing her to lose sleep.

62. Defendant's phone calls harmed Ms. Bardo by invading her privacy.

63. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Defendant; and

e. Any other and further relief as this Court deems equitable.

***Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")***

64. Ms. Bardo re-alleges paragraphs 1-31 and incorporates the same herein by reference.

65. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Bardo's Cellular Telephone despite Ms. Bardo's oral

and written demands that Defendant cease all calls to her Cellular Telephone, which can reasonably be expected to harass Ms. Bardo.

b. Defendant violated Fla. Stat. § 559.72(7) by continuing to send letters to Ms. Bardo and place calls to Ms. Bardo's Cellular Telephone despite Ms. Bardo's continuous confirmation that she cannot pay the Debt because her financial situation had not changed.

66. As a result of the above violations of the FCCPA, Ms. Bardo has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

67. Defendant's phone calls and letters sent in attempts to collect the Debt harmed Ms. Bardo by causing her emotional distress.

68. Defendant's phone calls and letters sent in attempts to collect the Debt harmed Ms. Bardo by causing her to lose sleep.

69. Defendant's phone calls and letters sent in attempts to collect the Debt harmed Ms. Bardo by invading her privacy.

70. Defendant's phone calls and letters sent in attempts to collect the Debt harmed Ms. Bardo

71. It has been necessary for Ms. Bardo to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

72. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

      a.  Awarding statutory damages as provided by §559.77, Fla. Stat.;

      b.  Awarding actual damages;

      c.  Awarding punitive damages;

      d.  Awarding costs and attorneys' fees;

      e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

      f.  Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Vickey Bardo, demands a trial by jury on all issues so triable.

Respectfully submitted this **December 27, 2017**,

                            */s/ Michael A. Ziegler*
                            Michael A. Ziegler, Esq.
                            Florida Bar No. 74864
                            mike@zieglerlawoffice.com

                            */s/ Kaelyn Steinkraus*
                            Kaelyn Steinkraus, Esq.
                            Florida Bar No. 125132
                            kaelyn@zieglerlawoffice.com

                            Law Office of Michael A. Ziegler, P.L.
                            13575 58th Street North, Suite 129
                            Clearwater, FL 33760
                            (p)  (727) 538-4188
                            (f)  (727) 362-4778
                            Attorneys and Trial Counsel for Plaintiff